IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THEODORE A. CHAMBERLAIN, | ) | CASE NO. 1:12 CV 2617 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.  Nature of the case and proceedings**

Theodore A. Chamberlain seeks, under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB").[1]

The parties have consented to my jurisdiction.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4]

---

[1] ECF # 1.

[2] ECF # 22.

[3] ECF # 9.

[4] ECF # 10.

Under the requirements of my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

**B.    The Commissioner's decision**

The Administrative Law Judge ("ALJ") found that Chamberlain had the following severe impairments: degenerative disc disease of the cervical spine with spinal stenosis at multiple levels, degenerative disc disease of the lumbar spine and facet arthropathy with a herniated disc at the L3-4 joint, and epicondylitis of the left elbow.[11] The ALJ decided that the relevant impairments did not meet or equal a listing.[12] The ALJ made the following finding regarding Chamberlain's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that claimant may occasionally crawl, crouch, kneel, stoop, climb ramps and stairs, but may never climb ladders, ropes or scaffolds; the claimant may occasionally engage in fingering with the upper left extremity, and; the claimant must avoid all

---

[5] ECF # 5.

[6] ECF # 11.

[7] ECF # 19 (Chamberlain's brief), ECF # 20 (Commissioner's brief).

[8] ECF # 19-1 (Chamberlain's charts), ECF # 20-1 (Commissioner's charts).

[9] ECF # 19-2 (Chamberlain's fact sheet).

[10] ECF # 25.

[11] ECF # 10, Transcript of Proceedings ("Tr.") at 20.

[12] *Id.* at 21.

-2-

exposure to workplace hazards such as dangerous moving machinery or unprotected heights.[13]

The ALJ determined that this residual functional capacity precluded Chamberlain from performing his past relevant work.[14]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing incorporating the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Chamberlain could perform.[15] The ALJ, therefore, found Chamberlain not under a disability.[16]

The Appeals Council denied Chamberlain's request for review of the ALJ's decision.[17] With this denial, the ALJ's decision became the final decision of the Commissioner.[18]

**C.    Issues presented**

Chamberlain asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Chamberlain presents the following issues for judicial review:

---

[13] *Id.* at 22.

[14] *Id.* at 25.

[15] *Id.*

[16] *Id.* at 26.

[17] *Id.* at 1-4.

[18] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. § 404.981.

- Did the Commissioner err and render a decision that was not supported by substantial evidence by failing to find that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1?

- Did the Commissioner err and render a decision that was not supported by substantial evidence by finding that there were jobs that existed in significant numbers that Plaintiff could have performed?

**D.     Disposition**

For the reasons that follow, I conclude that the ALJ's no-disability finding has the support of substantial evidence. The denial of Chamberlain's application will be affirmed.

## Analysis

**A.     Standard of review - substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.    The step three challenge**

In challenging the ALJ's step three finding, Chamberlain argues that the ALJ failed to articulate reasons in support of the findings that his impairments did not meet or equal a listing and that he had no opinions of medical sources to support those findings.

I set out the law applicable to step three challenges based on the grounds put forward by Chamberlain here in my report and recommendation in *Makan v. Commissioner of Social Security*.[22] I incorporate by reference my detailed analysis of that applicable law herein.

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] *Makan v. Comm'r of Soc. Sec.*, No. 5:12 CV 31, 2012 WL 7688148, *3-5 (N.D. Ohio Dec. 26, 2012). Although Judge Gaughan rejected part of that recommendation after objection, the plaintiff did not object to my analysis or recommendation on the step three issue. *Makan v. Covlin*, No. 5:12 CV 31, 2013 WL 990824, *1 (N.D. Ohio Mar. 7, 2013).

-5-

Although Chamberlain had the burden of proof at step three, he did not assert that issue in his request for review to the Appeals Council[23] or before the ALJ.[24] Under the law as discussed in my *Makan* report and recommendation, the ALJ properly relied on the opinion of the state agency reviewing physician, set out in this record in a Psychiatric Review Technique, evaluation[25] and in the opinions of the state agency medical consultants who evaluated the issue at the initial and reconsideration levels.[26] Makan offered no medical source opinion to the contrary. Makan, therefore, failed to meet his burden at step three and the decision of the ALJ has the support of substantial evidence.

**C.    The step four challenge**

Although Chamberlain asserts his second issue as a step five challenge, it is a step four attack on the RFC finding. Chamberlain argues in effect that the RFC finding should have off-task or absence-from-work limitations. He rests his challenge on the report of a treating family practice specialist[27] and Chamberlain's hearing testimony.[28]

---

[23] Tr. at 13-14.

[24] *Id.* at 37-38.

[25] *Id.* at 253.

[26] *Id.* at 75, 76.

[27] *Id.* at 272.

[28] *Id.* at 14-20.

The treating physician, Dr. Kucera, is problematic for several reasons, as the ALJ noted.[29] First he began treating Chamberlain after the date last insured and issued his opinion after only two visits. Second, although a family practice specialist, he completed a mental capacity questionnaire without any evidence of a mental assessment in the limited treatment notes. The form is a check-the-box form with no narrative.[30] Dr. Kucera rated Chamberlain in each category as extreme.[31] The ALJ gave this opinion limited weight.[32]

Rather he relied on the evaluation of Dr. Pickholtz, a CE, who rated Chamberlain's limitations as mild.[33] Dr. Pickholtz completed his evaluation and gave his opinion shortly after the date last insured.[34] He has a Ph.D. in psychology and based his opinions, consistent with the ALJ's RFC finding, on a clinical interview and psychological testing.[35] The ALJ, therefore, properly weighed and evaluated the opinions of Dr. Kucera and Dr. Pickholtz.

The ALJ's assessment and articulation as to Chamberlain's credibility is extensive and includes evaluation of his treatment, medications, side effects, and daily activities.[36]

---

[29] *Id.* at 24.

[30] *Id.* at 272.

[31] *Id.*

[32] *Id.* at 24.

[33] *Id.* at 244.

[34] *Id.* at 244-52.

[35] *Id.*

[36] *Id.* at 22-24.

The ALJ's findings as to credibility are entitled to deference on judicial review.[37] The reviewing court may not disturb the ALJ's credibility findings absent compelling reasons.[38]

Here, the ALJ adequately articulated the evidence in support of his credibility finding and that evidence is substantial under the standard of review.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Chamberlain had no disability for the period applicable to his DIB application. The denial of Chamberlain's application for that period is affirmed.

IT IS SO ORDERED.

Dated: February 26, 2014             s/ William H. Baughman, Jr.
                                     United States Magistrate Judge

---

[37] *Buxton*, 246 F.3d at 773.

[38] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).